IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Joshua A. Madsen, | Case No. 1:06 CV 968 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Stuart Hudson, | |
| Respondent. | |

This matter is before the Court on the Magistrate's Orders granting Petitioner's Motion for an Evidentiary Hearing (Doc. No. 17 and 18). This case involves a Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Petitioner filed a Motion for Evidentiary Hearing (Doc. No. 14), which the Magistrate granted.

Petitioner was found guilty of six counts of rape and one count of kidnaping following a jury trial in December 2002. In January 2003, Petitioner was sentenced to consecutive three-year prison terms for each count of rape, as well as a three-year term for kidnaping to run concurrently with the rape sentence, for a total of eighteen years in prison. Appeals to the state court of appeals and Ohio Supreme Court were denied. Among the arguments raised by Petitioner was ineffective assistance of trial counsel, including the failure to properly cross-examine witnesses and failure to properly investigate and prepare. Those appeals were unsuccessful, and Petitioner's final appeal was dismissed in November 2005.

In this Court, Petitioner claims he has diligently pursued an evidentiary hearing in state court without success. He seeks a hearing to, among other things, pursue his assertion of innocence and

demonstrate his trial counsel's failure to develop and investigate facts and witnesses. In short, Petitioner contends that through a lack of diligence by his trial counsel, the factual basis of his innocence was not developed at trial. This includes the contention that his trial counsel failed to investigate available witnesses that would have contradicted the victim's testimony as well as the introduction of other exculpatory evidence.

The Court is guided in part by the decision in *Bigelow v. Williams*, 367 F.3d 562 (6th Cir. 2004). In that federal habeas corpus case, the petitioner also maintained his innocence following an adverse jury trial and claimed that his trial counsel did not adequately investigate his alibi defense. In *Bigelow*, the state court held an evidentiary hearing and still the federal appellate court felt that the denial of the writ was inappropriate because of continuing questions whether trial counsel's failure to conduct further investigation was unreasonable and whether the alibi witnesses would have been identified had trial counsel conducted such an investigation.

When a magistrate judge's findings are challenged in district court, the district court applies a "clearly erroneous or contrary to law" standard of review for "nondispositive" preliminary matters, while "dispositive motions" are governed by the de novo standard. 28 U.S.C. § 636(b)(1)(A, B); *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir. 2001). The Magistrate's Order (Doc. No. 17) granting Petitioner's Motion for an Evidentiary Hearing (Doc. No. 14) is squarely within the scope of "nondispositive" matters governed by 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court may only reconsider this ruling upon a showing "that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

In the instant case, the Magistrate has ordered an evidentiary hearing to explore issues similar to those in *Bigelow*. Respondent has not shown that this Order is clearly erroneous or contrary to law.

Accordingly, the Court affirms the Magistrate's Order (Doc. No. 17) permitting a limited evidentiary hearing to resolve issues relating to Petitioner's claims of innocence and the adequacy of trial counsel's representation.

IT IS SO ORDERED.

                                                    s/ *Jack Zouhary*
                                                    JACK ZOUHARY
                                                    U. S. DISTRICT JUDGE

                                                    March 6, 2007