**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Joshua A. Madsen, | : | Case No. 1:06 CV 00968 |
| Petitioner, | : | |
| v. | : | **MAGISTRATE'S REPORT** |
| | | **AND RECOMMENDATION** |
| Stuart Hudson, | : | |
| Defendant. | : | |

This matter is before the undersigned Magistrate on the Court's order to conduct a limited evidentiary hearing to resolve issues relating to Petitioner's claim of innocence and the adequacy of trial counsel's representation (Docket No. 24). For the following reasons, the Magistrate recommends that this case be remanded for a new trial and that the referral to the Magistrate be terminated.

**FACTUAL BACKGROUND**

A detailed recitation of the facts made in the underlying state court appeal is set forth in the Magistrate's Report and Recommendation filed on January 12, 2007 (Docket No 17). A brief summary follows. Petitioner met Tonya Carroll in August 2001, and they saw each other romantically for approximately one year. On August 3, 2002, Tonya Carroll hosted a party at her house in celebration of her freedom from her romantic involvement with Petitioner. Two days later on August 5, 2002, Petitioner arrived at the victim's home intoxicated and began screaming and yelling at Tonya Carroll about the party. Tonya Carroll claimed that Petitioner forced her upstairs into her bedroom where he

choked, pushed and punched her while questioning whether she had been seeing someone else. Petitioner refused to allow Tonya Carroll to leave the room, told her to undress and then raped her. Later, Petitioner forced Tonya Carroll to call everyone who attended the "freedom" party and apologize for any derogatory comments that she made about him.  Petitioner left Tonya Carroll's home but returned later that evening.  He raped her again and remained in her home until early the following morning.

As a result of the rapes and beatings on August 5, 2002, Tonya Carroll sought medical attention on August 9, 2002.  She did not report, however, the abuse or rape to the police.  Petitioner arrived at Tonya Carroll's home on August 18, 2002, and was upset because she had performed an exotic dance routine at a friend's bachelor party on August 17th.  Petitioner pushed his way into the victim's home and ordered her to retrieve a screwdriver.  Petitioner stole money from Tonya Carroll's purse, pushed the screwdriver into her back, threatened to stab her and ordered her outside.  He entered a vehicle owned by Tonya Carroll's friend Nicole Sanders.  Believing that the friend had damaged his vehicle, Petitioner destroyed the interior of the Sanders' vehicle using the screwdriver.  He then left Tonya Carroll's home. Tonya Carroll accompanied Ms. Sanders to the police station to file a property damage report and while at the station, Tonya Carroll filed a report detailing the events occurring on August 5 and 18, 2002 (Docket No. 7, Exhibit 1)

## **PROCEDURAL BACKGROUND**

On August 29, 2002, a Cuyahoga County Grand Jury returned an eleven count indictment charging Petitioner with eight counts of rape, in violation of OHIO REV. CODE § 2907.02, one count of kidnaping, in violation of OHIO REV. CODE § 2905.01, one count of domestic violence, in violation of OHIO REV. CODE § 2919.25 and one count of aggravated robbery, in violation of OHIO REV. CODE § 2911.01 (Docket No. 7, Exhibits 2, 3).  On September 5, 2002, Petitioner was arraigned and entered a

not guilty plea to all charges in the indictment. During the jury trial that commenced on November 18, 2002, the trial court dismissed one count of domestic violence (Docket No. 7, Exhibit 1, ¶ 10). On December 9, 2002, the jury found Petitioner guilty on six counts alleging rape and one count of kidnaping and not guilty of aggravated robbery and two counts of rape (Docket No. 7, Exhibit 1, ¶ 11).

Petitioner was sentenced to a total of 18 years in prison (Docket No. 7, Exhibit 1¶ 12). The Court of Appeals affirmed the trial court's decision and the Supreme Court of Ohio denied Petitioner leave to appeal and dismissed the appeal (Docket No. 7, Exhibits 8, 12). The Court of Appeals denied Petitioner's application to reopen on September 14, 2004, and the Ohio Supreme Court dismissed the appeal of the application to reopen (Docket No. 7, Exhibits 16, 18, 19).

Petitioner's motion to set aside or vacate the judgment of conviction was denied by the trial court (Docket No. 7, Exhibits 20, 28). The Court of Appeals affirmed the denial and the Supreme Court denied leave to appeal and dismissed the appeal (Docket No. 7, Exhibits 33 and 34). Petitioner filed a notice of appeal on August 22, 2005 (Docket No. 7, Exhibit 35). On November 23, 2005 the Supreme Court of Ohio denied leave to appeal and dismissed the appeal (Docket No. 7, Exhibit 37).

Petitioner filed a Writ of Habeas Corpus and Motion for Evidentiary Hearing in this Court on April 20, 2006 (Docket No. 1) to which Respondent filed a Return (Docket No. 7) and Petitioner filed a Traverse (Docket No. 13). The undersigned Magistrate recommended that Petitioner's Motion for Evidentiary Hearing be Granted (Docket No. 17). United States District Court Judge Jack Zouhary affirmed the Magistrate's recommendation and the Magistrate conducted an evidentiary hearing on April

26, 2007[1] (Docket Nos. 24 & 25).

## **DISCUSSION**

In the Writ for Habeas Corpus as well as the evidentiary hearing, Petitioner argued that his trial counsel rendered ineffective assistance by failing to prepare for trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution[2]. At the evidentiary hearing, Petitioner focused on his claim of ineffective assistance of counsel and argued that counsel failed to conduct a reasonable investigation and to make appropriate objections throughout the course of the trial.

Respondent contends that for the following reasons, counsel acted reasonably in failing to investigate the evidence sought by Petitioner. First, counsel did not receive contact information regarding the potential witnesses. Second, trial counsel had no independent recollection that Petitioner wanted to testify. Third, Jesse Madsen was his most credible witness. Fourth, the trial court prohibited the testimony of Leslie Brooks as to Tonya Carroll's subsequent admissions against interest. Fifth, trial counsel could not recall if he had requested that Petitioner submit to a sobriety test. Sixth, trial counsel showed restraint in cross-examination because he did not want Petitioner's character to become an issue.

The Sixth Amendment guarantees that in all criminal prosecutions, the accused shall enjoy the right to the assistance of counsel for his or her defense. U.S. CONST. amend. VI. The right to counsel is the right to the effective assistance of counsel. *Adkins v. Konteh L.* —F. Supp. 2d—, 2007 WL 461292, *22 -23 (N.D.Ohio,2007) (*citing Smith v. Mitchell,* 348 F.3d 177, 199 (6th Cir.2003) ( *quoting McMann*

---

[1] Petitioner, his brother Jesse Madsen, Leslie Brooks, Darryl Wilson and Attorney Craig Morice testified. Closing arguments were presented in writing (Docket Nos. 36 & 37).

[2] When the evidentiary hearing was convened, Petitioner's counsel advised the court that the procedural default issues did not warrant an evidentiary hearing on actual innocence. Such claim was not within the scope of Petitioner's claims (Docket No. 35, p. 3). Accordingly, the Magistrate considers such claim withdrawn.

*v. Richardson,* 90 S. Ct. 1441, 1449 n 14 (1970)). The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Id. (citing Strickland v. Washington,* 104 S. Ct. 2052, 2062 (1984)).

To succeed on an ineffective assistance of counsel claim, a petitioner must show (1) that his or her lawyer's performance was deficient and (2) that the deficiency prejudiced the defense. *Bigelow v. Williams,* 367 F.3d 562, 570 (6th Cir. 2004) (*citing Strickland,* 104 S. Ct. at 2064). In establishing the first requirement, the petitioner must demonstrate that his lawyer's performance "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Id.* (*citing Strickland*, 104 S. Ct. at 2064). Judicial review of the lawyer's performance must be "highly deferential," and "indulge a strong presumption" that a lawyer's conduct in discharging his or her duties "falls within the wide range of reasonable professional assistance," since reasonable lawyers may disagree on the appropriate strategy for defending a client. *Id.* (*citing Strickland*, 104 S. Ct. at 2064). Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Id.* (*citing Strickland*, 104 S. Ct. at 2066-2067; *see also O'Hara v. Wigginton,* 24 F.3d 823, 828 (6th Cir. 1994). Strategic choices made after thorough investigation of law and facts are virtually unchallengeable. *Id*. Strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. *Id*.

A petitioner establishes prejudice by demonstrating a reasonable probability that the result of his or her trial would have been different but for counsel's mistakes. *Id.* (*citing Strickland,* 104 S. Ct. at 2068). A "reasonable probability" is a probability "sufficient to undermine confidence in the outcome,"

5

*Id.,* but something less than a showing that the outcome more likely than not would have been different, *Id.* (*citing Strickland*, 104 S. Ct. at 2068). The petitioner need not conclusively demonstrate his or her "actual innocence," but the petitioner should show that the result of the trial was "fundamentally unfair or unreliable" *Id.* (citations omitted).

      The Magistrate finds that Petitioner has demonstrated that his counsel's performance was deficient and that such deficiency prejudiced the defense. Trial counsel admitted that he was uncertain about how to admit into evidence exculpatory statements made by Tonya Carroll after the incident (Docket No. 35, p. 178). Tonya Carroll's testimony was the only evidence presented to prove the necessary elements of rape, kidnaping and aggravated robbery. The prosecutor's theory of the case was that Petitioner's motive for rape was predicated on his anger about the freedom party (Docket No. 35, pp. 136-137, 139). Trial counsel did not find the freedom party to be relevant to his theory of the case or his defense of the indictment (Docket No. 35, pp. 143, 144). In fact, trial counsel admitted that he did not care about the prosecution's theory as to Petitioner's motive (Docket No. 35, p. 145).

      Admittedly, trial counsel's goal was to attack the lack of investigative work done by law enforcement (Docket No. 35, p. 146). However, a review of the trial transcript shows there was no investigation conducted by law enforcement (Docket No. 35, p. 539). On or about August 19, 2002, Tonya Carroll went to the police station and made two reports of rape to Officer Alan Strickler (Docket No. 15, pp. 539-540). No physical evidence was collected which corroborated the rape and no further investigation was conducted.

      Several witnesses offered testimony that conflicts with the state's theory of the case and Tonya Carroll's motive for hosting the freedom party. Yet, trial counsel did not find such testimony relevant. Jesse Madsen, Petitioner's brother, testified during the trial that trial counsel never questioned him

6

regarding his attendance at the freedom party (Docket No. 35, p. 62). Trial counsel failed to discuss Jesse Madsen's potential testimony and to prepare him for trial (Docket No. 35, p. 68). Jesse Madsen gave counsel names of other witnesses who would have been helpful to the defense, namely, Darryl Wilson (Darryl attended the freedom party and subsequently made a videotape of Tonya Carroll's exotic dancing) (Docket No. 35, pp. 91-93). During the evidentiary hearing Darryl Wilson testified that trial counsel called him after Petitioner was arrested, asked a few questions, never followed through with additional questioning and did not subpoena him to testify at trial (Docket No. 35, pp. 94-96, 100). Darryl Wilson observed Tonya Carroll's demeanor August 6th shortly after the alleged rape (Docket No. 35, pp. 95-96). When assessing the sufficiency of the physical evidence, the Court noted that Nicole Sanders failed to observe the bruises on Tonya Carroll's body during their exotic dance routine that were found by Kathleen Pullen and Dr. Gaby El-Choury approximately three days earlier (Docket No. 15, pp. 524-530; Docket No. 7, Affidavit of Nicole Sanders). Darryl Wilson videotaped the exotic dance routine but failed to notice a bruise on Tonya Carroll's back (Docket No. 35, p. 97). Kathleen Pullen testified at trial that the bruise on Tonya Carroll's back was more consistent with a fall or hitting one's back against something (Docket No. 9, p. 236).

The Magistrate finds that trial counsel could not have made a strategic choice to adopt as a theory the attack of law enforcement's investigation if he had conducted a complete investigation and interviewed perspective witnesses prior to trial. Counsel acted unreasonably in failing to investigate the Darryl Wilson lead, in failing to cross-examine Nicole Sanders and Tonya Carroll and in failing to object to the admission of evidence and/or testimony that was inadmissible and prejudicial to the defense. The failure to pursue witnesses who could refute the testimony given by Tonya Carroll prejudiced Petitioner's case. Trial counsel's failure to investigate undermined the confidence in the outcome of the trial.

7

Petitioner has effectively demonstrated that trial counsel's assistance was ineffective.

## CONCLUSION

Based on the evidence presented at the hearing, pleadings and record, the Magistrate recommends that Petitioner's Writ of Habeas Corpus be granted, that the State of Ohio shall have 120 days in which to re-try Petitioner or release him from state custody and that the referral to the Magistrate be terminated.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: July 3, 2007

## NOTICE

Please take notice that as of this date the Magistrate's Report and Recommendation attached hereto has been filed.

Please be advised that, pursuant to Rule 72.3(b) of the Local Rules for this district, the parties have ten (10) days after being served in which to file objections to said Report and Recommendation. A party desiring to respond to an objection must do so within ten (10) days after the objection has been served.

Please be further advised that the Sixth Circuit Court of Appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.