IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joshua A. Madsen,                                    Case No. 1:06 CV 968

                          Petitioner,                MEMORANDUM OPINION
                                                     AND ORDER

                -vs-
                                                     JUDGE JACK ZOUHARY
Stuart Hudson,

                          Respondent.


        Petitioner Joshua Madsen filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §

2254 asserting his trial counsel rendered ineffective assistance by failing to adequately prepare for

trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution (Doc No.

1).  This matter was referred to United States Magistrate Judge Vernelis Armstrong for a Report and

Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). An Evidentiary Hearing was held on April

26, 2007 (Doc. Nos. 34, 35), after which post-Hearing briefs were filed (Doc. Nos. 36, 37).  On July

3, 2007, the Magistrate filed a Report and Recommendation containing findings of fact and

conclusions of law.  The Magistrate concluded that Petitioner demonstrated his trial counsel assistance

was ineffective, and recommended granting Petitioner's Writ of Habeas Corpus (Doc. No. 38).

        This matter is now before the Court on Respondent's Objection to the Magistrate's Report and

Recommendation (Doc. No. 39).  In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir.

1981), and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the

Magistrate's findings objected to by Respondent.

Respondent essentially argues the Magistrate Judge's Recommendation was "unreasonable," and specifically makes the following Objection in light of the total Record (Resp. Obj. p. 12):

> Viewing attorney Morice's conduct at the time of the counsel's conduct, and in light of all the circumstances, and also considering the testimony of the witnesses at trial and evidentiary hearing, the Magistrate Judge's recommendation that Morice acted unreasonably in failing to investigate the evidence, and that Madsen was prejudiced by trial counsel's actions, was unreasonable.

After a *de novo* review, the Court finds the Objection is not well taken.  In light of all the evidence, including the state court record and the more recent evidentiary hearing, the Magistrate Judge correctly concluded that Petitioner's trial counsel provided ineffective assistance.  Specifically, the Court agrees that Petitioner's trial counsel failed to conduct an adequate pretrial investigation, failed to interview prospective witnesses, failed to investigate certain leads, failed to cross-examine certain witnesses, and failed to object to inadmissible testimony.  These failures "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

Respondent's repeated incantations that Attorney Morice "acted reasonably under the circumstances" and that "no prejudice resulted" ring hollow, as does the repeated assertion that the outcome of the trial would not have been different.  As Petitioner correctly points out, the *Strickland* standard does not require a showing that the verdict would have been different but rather that counsel's conduct "undermine[s] confidence in the outcome."  *Id.* at 693-94.

In short, the Court concurs that counsel's conduct was deficient and that Petitioner was prejudiced.

2

Accordingly, the Court ADOPTS the Report and Recommendation of the Magistrate, and Petitioner's Writ of Habeas Corpus is GRANTED.  The State of Ohio is granted 120 days in which to either re-try Petitioner or release him from state custody.

IT IS SO ORDERED.

_____s/ Jack Zouhary_____
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 30, 2007